UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN HAMILTON; and ELIZABETH LEIGH TESOLIN,<br><br>      Debtor-Appellants,<br><br>v.<br><br>ELITE OF LOS ANGELES, INC.; and SAN DIEGO TESTING SERVICES,<br><br>      Appellees. | Case No.: 18-cv-2341-GPC-NLS<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S HOLDING THAT AUTOMATIC STAY DOES NOT APPLY TO ELITE'S STATE COURT ACTION AGAINST HCC** |

  Before the Court is a bankruptcy appeal brought by Debtors John Hamilton and Elizabeth Leigh Tesolin (collectively, "Debtors") against Appellees Elite of Los Angeles, Inc. and San Diego Testing Services ("Elite"). The Court reviews the September 26, 2018 "Order on Emergency Motion For Relief From The Automatic Stay" issued by Bankruptcy Judge Christopher B. Latham of the United States Bankruptcy Court for the Southern District of California. (AR[1] 1900-1903). For the reasons stated below, the bankruptcy court's September 26, 2018 Order is **AFFIRMED**.

---

[1] The Court refers to the Appellate Record in short-hand as "AR".

1

## I. BACKGROUND

This appeal arises from Debtors' objection to the bankruptcy court's holding that Elite's independent state court action against third-party non-debtor Crystal Vision Enterprises, LLC d/b/a Hamilton College Consulting ("HCC") does not violate the Debtors' automatic stay.

### A. Elite's Non-Dischargeable Judgment Against Debtors (the "Debtors' Judgment")

In 2011, Elite sued Debtors in state court alleging various intentional torts. (AR 1992). Following a jury trial on August 2013, Elite obtained a final judgment against Debtors—Christopher Hamilton ("Hamilton") and his wife, Elizabeth Tesolin—for the following claims: (1) breach of fiduciary duty; (2) breach of duty of loyalty; (3) intentional interference with prospective economic advantage; (4) trade secret misappropriation; and, (5) punitive damages under California Civil Code § 3294. (AR 1993). The trial court entered judgment against Debtor in the amount of $2,070,000. (AR 1901). On May 2017, pursuant to 11 U.S.C § 523(a)(6), the bankruptcy court entered Elite's judgment of $2,070,000 as entirely non-dischargeable. (AR 2022). As of April 24, 2018, Elite's judgment against Debtors totaled more than $3,039,212.80. (AR 0362-68, 2086). Interest continues to accrue at an approximate rate of $207,000 per annum. (AR 2087).

### B. HCC Indemnifies Hamilton

On April 2, 2014, during the pendency of Elite's collection efforts on the Debtors' Judgment, Hamilton entered into an employment agreement with HCC. (AR 60). Although HCC is owned by Debtors' family, Hamilton holds no ownership interest in the LLC. (AR 1901). In relevant part, the employment agreement sets forth the following indemnification clause:

> The Company shall defend and indemnify Executive, to the fullest extent permitted by law, from and against any and all liability, loss, damages or expenses incurred

2

> as a result of, arising out of, or in any way related to, Executive's service as an employee, officer, director or agent of the Company. The Company further agrees to make good faith efforts to maintain in effect a directors and officers ("D & O") liability insurance policy (including tail coverage) covering Executive on terms that are reasonable and customary for senior executives in comparable positions. The Company acknowledges that this shall include the professional fees and costs, including, but not limited to, attorneys' fees and costs, incurred by Executive in the following proceedings: Elite of Los Angeles, Inc., et al. v. Christopher Hamilton, adv. Proc. no. 14-90152-CL, United States Bankruptcy Court Southern District of California. (AR 0139).

In addition, the Operating Agreement of HCC, LLC includes the following indemnification clause:

> The Company expressly agrees to indemnify Chris Hamilton for any Judgment, attorneys' fees, costs or other liabilities arising out of the Judgment obtained by Elite Educational Institute ("Elite") and including efforts by Elite to collect on the Judgment against Chris Hamilton. (AR 95).

### C. Debtors File For Chapter 11 Bankruptcy

On April 24, 2014, Debtors filed a voluntary Chapter 11 petition. (AR 1993). The Debtors' Sixth Amended Plan is currently pending review by the Ninth Circuit. (AOB[2] 5). Therefore, as there is no confirmed Chapter 11 plan in place, the Debtors' property is subject to the automatic stay. (AR 1901).

### D. Elite v. HCC State Court Litigation & Elite's Emergency Motion for Relief

In early 2018, invoking California Code of Civil Procedure ("C.C.P") section 708.210, Elite filed a creditor's suit against HCC to collect on the Debtors' Judgment—claiming HCC was contractually liable as Hamilton's indemnitor. (AR 1901). HCC refused Elite's many discovery requests alleging a violation of Debtors' automatic stay. (AR 1674). In response, Elite filed an emergency motion for relief from the automatic stay

---

[2] The Court refers to Appellant's Opening Brief in short-hand as "AOB".

3

with the bankruptcy court. (AR 1662-1672).

The bankruptcy court concluded that the automatic stay did not extend to Elite's state court action against HCC because Elite's theory of liability under C.C.P section 708.210 was an independent basis for recovery. (AR 1902-03). It is this decision that is before the Court on appeal.

## II. APPELLATE JURISDICTION AND STANDARD OF REVIEW

"When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *In re Rios*, No. 12-CV-01037-CAS, 2015 WL 1728307, *1 (C.D. Cal. Apr. 14, 2015). The district court has jurisdiction to hear this bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1).

On appeal, the district court reviews the bankruptcy court's findings of fact for clear error and reviews its conclusions of law de novo. *In re Int'l Fibercom*, 503 F.3d 933, 940 (9th Cir. 2007). By well-settled rule, "factual findings are reviewable only for clear error—in other words, with a serious thumb on the scale for the bankruptcy court." *U.S. Bank Nat. Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 966 (2018). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). Whether the bankruptcy court applied the correct legal standard is a legal issue which is reviewed de novo. *In re Karelin*, 109 B.R. 943, 946 (B.A.P. 9th Cir. 1990). Accordingly, because Appellant challenges the bankruptcy court's legal determination about the scope of the automatic stay, a de novo standard of review applies. *See In re Chugach Forest Prods., Inc*., 23 F.3d 241, 244 (9th Cir. 1994).

## III. DISCUSSION

The instant bankruptcy appeal addresses the following issues: (1) whether Elite's state court action against HCC should be stayed pursuant to the Debtors' automatic stay; and (2) whether the doctrine of judicial estoppel precludes Elite from arguing that HCC's obligation to indemnify Hamilton is not property of the Debtors' estate.

### A. Automatic Stay Does Not Extend to Elite's State Court Action Against HCC Because HCC Is A Non-Debtor Party Liable On the Debts of the Debtor.

The bankruptcy court held that Elite's state court claim against the non-debtor party HCC was not subject to the Debtors' automatic stay. (AR 1902). In doing so, it rejected Debtors' argument that Elite's claim against HCC was predicated solely upon Hamilton's right to indemnification, a right which Debtors claimed was subject to the automatic stay under 11 U.S.C. § 362. (AR 1902). This Court likewise finds Debtors' argument unpersuasive because California law provides Elite a statutory basis for recovery under C.C.P section 708.210.

#### 1. Automatic Stay Does Not Protect Non-Debtor Parties Nor Their Property.

Pursuant to 11 U.S.C § 362(a), once a bankruptcy case is filed, an automatic stay goes into effect preventing creditors from pursuing any claims against the property of the bankruptcy estate. *See* 11 U.S.C. § 362(a). The automatic stay protects both the debtor and the creditor. *Boucher v. Shaw*, 572 F. 3d 1087, 1092 (9th Cir. 2009). It gives the debtor breathing space while the debtor attempts to regain financial footing. *In re Levine*, 583 B.R. 231, 235 (2018) (citing *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581, 585 (9th Cir. 1993)). However, "as a general rule, the automatic stay protects only the debtor, property of the debtor or property of the estate." *Boucher v. Shaw*, 572 F. 3d 1087, 1092 (9th Cir. 2009). Therefore, § 362(a) "does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of

the debtor." *In re Chugach Forest Products, Inc.*, 23 F.3d 241, 246 (1994) (quoting *Advanced Ribbons & Office Prods. v. U.S. Interstate Distrib.*, 125 B.R. 259, 263 (B.A.P. 9th Cir. 1991)).

Property of the estate is defined under 11 U.S.C. § 541(a)(1) as all "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C § 541(a)(1); *see United States v. Whiting Pools, Inc.*, 464 U.S. 198, 204–05 (1983); *see also* S. REP. NO. 95-989, at 92 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5787 (interpreting the scope of a bankruptcy estate in broad terms). In addition, although bankruptcy law determines what constitutes property of the estate, non-bankruptcy law, i.e., state law, dictates the attributes of that property. *See Barnhill v. Johnson*, 503 U.S. 393, 398 (1992).

The Debtors' primary argument is that HCC's indemnity agreement makes HCC liable to Hamilton and not to Elite because "the only party entitled to sue on [a contract of indemnity] is the indemnitee or someone in his right, such as his assignee." *Van Curen v. Great Am. Ins. Co.*, 363 B.R. 123, 136 (Bankr. E.D. Cal. 2007). Accordingly, the Debtors' assert that "[a]ny claim of Elite is merely derivative of, and does not exist without, Hamilton's rights," and therefore Elite's state action against HCC "necessarily" violates Hamilton's automatic stay. (AOB 10). Therefore, Debtors dispute the bankruptcy court's reliance upon the Ninth Circuit's holding *In re Chugach Forest Products* because HCC's contractual obligation to Hamilton is one of indemnity and not one of guaranty or surety—"a promise to one to whom another is answerable." *Zalkind v. Ceradyne, Inc.*, 194 Cal. App. 4th 1010, 1024 (2011).

Although the Debtors' distinction between an indemnitor and a guarantor is an accurate one, the Debtors' argument falls short because the Debtors ignore the Ninth Circuit's decision to include "*other* non-debtor parties liable on the debts of the debtor," as a class exempt from the automatic stay. *In re Chugach Prods.*, 23 F.3d at 246

6

18-cv-2341-GPC-NLS

(emphasis added). Accordingly, by operation of California Code of Civil Procedure ("C.C.P.") section 708.210, which recognizes derivative third-party claims, HCC qualifies as an "other non-debtor part[y] liable on the debts of the debtor," and is accordingly not subject to the automatic stay. *In re Chugach Prods.*, 23 F.3d at 246.

Section 708.210 permits a creditor an independent basis for recovery. *See Holstein v. Super. Ct. of San Diego Cty.,* 275 Cal. App. 2d at 710 ("An action by a judgment creditor [under section 708.210] . . . is independent of the action in which the judgment was obtained."). According to the statute, "[i]f a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor, the judgment creditor may bring an action against the third person to have the interest or debt applied to the satisfaction of the money judgment." C.C.P. § 708.210. In other words, if B is indebted to C, and C is a judgment debtor of A, then A may sue B to have B's debt to C applied to the satisfaction of A's judgment against C. *See In re Amoroso,* No. CC-07-1410-MkMoD, 2008 WL 8444823, *1 (B.A.P. 9th Cir. May 22, 2008) (unpublished). Accordingly, because HCC ("B") indemnified Hamilton ("C") and Hamilton ("C") is a judgment debtor of Elite ("A"), then Elite ("A") may sue HCC ("B") to have HCC's ("B's") debt of indemnity to Hamilton ("C") applied to the satisfaction of Elite's judgment against Hamilton.

Therefore, this Court affirms the bankruptcy court's determination that the automatic stay does not apply to Elite's state court action against HCC. By operation of California law ,Elite has an independent basis to seek recovery from HCC as a non-debtor "who is being sued on the debts of the debtor." *In re Chugach Prods.*, 23 F.3d at 246; (AR 1902-03).

7

18-cv-2341-GPC-NLS

## 2. Elite Is Not Judicially Estopped From Arguing HCC's Obligation to Indemnify Hamilton Is Not Property of the Estate Because The Doctrine Of Judicial Estoppel Does Not Apply

The Debtors also appeal the bankruptcy court's decision on the basis that Elite is judicially estopped from arguing HCC's indemnity agreement with Hamilton is not property of the estate. (AOB 6).

The doctrine of judicial estoppel "'is an equitable doctrine invoked by a court at its discretion.'" *U.S. v. Ibrahim*, 522 F. 3d 1003, 1009 (9th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). In determining whether to apply the doctrine, courts typically consider "(1) whether a party's later position is 'clearly inconsistent' with its original position; (2) whether the party has successfully persuaded the court of the earlier position, and (3) whether allowing the inconsistent position would allow the party to 'derive an unfair advantage or impose an unfair detriment on the opposing party.'" *Id.*

Based upon the Debtors' record cites, the doctrine of judicial estoppel is inapplicable because the facts do not satisfy the Supreme Court's three-prong inquiry. First, Debtors allege Elite's current position—that HCC's indemnity obligations are not property of the estate—is inconsistent with Elite's prior litigated position. (AOB 10). However, the cited dispute undergirding Debtors' claim addressed pertained only to whether "HCC's effective date contribution satisfied the new value corollary." (AR 1785). That is to say, Elite, in prior litigation, had argued HCC's contribution was not "new value," whereas, Debtors argued the contribution was "new value." (AR 1784). Because Elite's position in the prior dispute centered upon "new value" and not upon whether HCC's contribution was property of the estate, Elite's current position is not clearly inconsistent from its earlier litigated position. *See Hamilton v. State Farm Fire &*

*Cas. Co.*, 270 F. 3d 778, 782 (9th Cir. 2001) ("[A] party's later position must be 'clearly inconsistent' with its earlier position.").

Moreover, even if Elite's arguments were considered inconsistent, the Debtors' judicial estoppel argument is still flawed because Elite's position was not accepted by the bankruptcy court. (AR 1784). Instead, the bankruptcy court adopted the Debtors' assertion that HCC's contribution was "new value." (AR 1784). Accordingly, because Elite was not successful in asserting its position, the second prong of the Supreme Court's analysis is not satisfied and the Debtors' judicial estoppel argument fails on this additional ground. *See Hamilton* 270 F. 3d at 783 ("Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations', and thus no threat to judicial integrity.").

Thus, for the foregoing reasons Debtors' judicial estoppel argument is not persuasive.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the September 26, 2018 Bankruptcy Court Order holding that Debtor's automatic stay does not extend to Elite's state court claim against HCC is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: March 19, 2019

Hon. Gonzalo P. Curiel
United States District Judge

9

18-cv-2341-GPC-NLS